**FILED**
**Jun 25, 2025**
**07:22 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Nicholas Arvin,** | ) | **Docket No. 2023-60-4432** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Andrew Duenas** | ) | **State File No. 860273-2023** |
| **d/b/a Camacho's Famous,** | ) | |
| **Employer.** | ) | |
| | ) | **Judge Kenneth M. Switzer** |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
### (Decision on the Record)

---

This Court considered Mr. Arvin's request for an expedited hearing based on the record under Tennessee Compilation Rules and Regulations 0800-02-21-.15(1)(e) (2023) on June 23, 2025. Mr. Arvin sought payment of medical bills for injuries from severe burns he suffered while working at Camacho's Famous. Mr. Arvin also requested a finding that he is eligible to apply for payment from the Uninsured Employers Fund (UEF). The Court holds that he would likely prevail at a final hearing in proving entitlement to medical benefits. Mr. Arvin is also eligible to apply for payment from the UEF.

### Claim History

On June 16, 2023, Mr. Arvin suffered severe burns from a bucket of scalding water while working for Camacho's. He explained that when he began draining boiling water from one of the fryers at work into a bucket, the water pressure caused the bucket to fall over, burning his right leg.

Mr. Arvin's mother, Kimberly Long, drove him to the emergency room, where he was diagnosed with second-degree burns to his right leg. Providers treated Mr. Arvin's burns, released him, and recommended he return as needed.

Mr. Duenas did not dispute that he did not have an active workers' compensation policy at the time of Mr. Arvin's injury and that Mr. Arvin was his employee. Mr. Duenas

1

also did not object to the medical bills and accepted responsibility for payment totaling $8,965.53.

Mr. Arvin filed his petition on June 21, 2023, alleging his injury and that Mr. Duenas did not have workers' compensation coverage on the date of injury. Afterward, a Bureau compliance specialist investigated and concluded that "coverage was not verified in the [National Council on Compensation Insurance] database for the date of injury."

**Findings of Fact and Conclusions of Law**

Mr. Arvin seeks payment of medical bills. He must provide sufficient evidence showing he would likely prevail at a final hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. Duenas must pay Mr. Arvin's medical bills from his work injury. Under the Workers' Compensation Law, the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" § 50-6-204(a)(1)(A). An "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." § 50-6-102(14).

Here, Mr. Arvin's medical records show that he suffered severe burns from scalding water while working for Camacho's Famous and that he incurred $8,965.53 in medical bills for treatment of those burns.

The Court finds the treatment he received for his injury was reasonable and medically necessary. Mr. Duenas did not pay for the treatment and admitted that he lacked insurance to cover the costs. The Bureau's investigation confirmed that he was uninsured on the date of injury.

Therefore, the Court holds that Mr. Duenas must pay all the medical bills for Mr. Arvin's treatment, subject to the workers' compensation fee schedule. *See, e.g.*, *Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own.").

Having found that Mr. Arvin is likely to prove he is entitled to benefits, the Court next examines his eligibility for assistance from the UEF. The Bureau has discretion to pay limited medical benefits from the UEF to an employee injured while working for an uninsured employer, provided the employee meets certain criteria:

1) He worked for an employer who failed to carry workers' compensation

insurance;

2) He suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;

3) He was a Tennessee resident on the date he was injured;

4) He provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period, but no longer than 60 days after the date of injury.

§ 50-6-801(d)(4).

Mr. Arvin offered proof of all four requirements: He worked for an uninsured employer, was injured after July 1, 2015, resided in Tennessee on the date of injury, and filed a petition for benefit determination within 60 days after the date of injury. He was injured on June 16, 2023, and filed a petition for benefit determination on June 21, 2023. Therefore, he qualifies to apply for payment from the UEF.

**IT IS, THEREFORE, ORDERED** as follows:

1. Andrew Duenas doing business as Camacho's Famous shall pay the providers $8,965.53 in medical expenses Mr. Arvin incurred from his accident, subject to the fee schedule.

2. Mr. Arvin is eligible to apply for discretionary payments from the UEF.

3. The Court sets a status hearing on **September 8 at 10:15 a.m. Central Time. You must dial 615-532-9552 or 866-943-0025 to participate.**

4. Unless interlocutory appeal of the expedited hearing order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Duenas must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED June 26, 2025.**

_Kenneth M. Switzer_
**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

# APPENDIX

1. Petition for Benefit Determination, photos, Request for Investigation
2. Request to Resume Mediation, Dispute Resolution Statement
3. Dispute Certification Notice
4. Hearing Request, Tennova Bill, emergency physician bill
5. Court Communication requesting a declaration/affidavit
6. Order Setting Status Hearing
7. Declaration of Kimberly Long
8. Status Order
9. Medical Records, Tennova Healthcare
10. Declaration of Nick Arvin

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 26, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Nicholas Arvin, employee | | **X** | **X** | 487 Kinslow Ct. Clarksville, TN 37040 klong4125@yahoo.com |
| Camacho's Famous, employer | | **X** | **X** | 1021 TN-76 Ste. 106 Clarksville, TN 37040 Camachosfamous@gmail.com |
| Uninsured Employers Fund | | | **X** | Lashawn.pender@tn.gov |

_____

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
Wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

### REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1.  Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2.  Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

> Tennessee Bureau of Workers' Compensation
> ATTN: UEF Benefit Manager
> Uninsured Employers Fund
> 220 French Landing Drive, Suite 1B
> Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1.  A court order stating your employer owes you benefits and that you may request UEF benefits;
2.  A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3.  A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
    (Print Your Name)


_____
Signature                                                    Date


Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.

LB-3284 (NEW 4/19)                                                                RDA 10183